UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PIMENTAL aka AASIR AZZARMI,<br><br>                              Plaintiff,<br><br>        -against-<br><br>RICOTTA & MARKS, P.C.,<br><br>                              Defendant. | 1:19-CV-7437 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Nicholas Pimental, aka Aasir Azzarmi, appearing *pro se*, brings this action under the Court's diversity jurisdiction. By order dated August 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are gleaned from the complaint and public court records.[1] Defendant Ricotta & Marks, a law practice in Queens, New York, filed on Plaintiff's behalf a discrimination action against his former employer, Delta Airlines. *See Pimental v. Delta Airlines Inc.,* ECF 1:17-CV-5317, 1 (E.D.N.Y. filed Sept. 11, 2017). Defendant also filed in New York State Supreme Court, Queens County, a purported class action, on Plaintiff's behalf and on behalf of others similarly situated, asserting violations of New York State wage and hour laws. Delta Airlines removed that case to the United States District Court for the Eastern District of New York. *See Pimental, et al. v. Delta Airlines Inc.*, No. 1:18-CV-2999, 1 (E.D.N.Y. May 21, 2018). In both cases, Defendant withdrew as counsel, and Plaintiff briefly obtained new counsel before proceeding *pro se.*

On February 12, 2019, Plaintiff paid the fees to file a *pro se* action against Delta Airlines in this District. *See Pimental v. Delta Airlines, Inc.,* ECF 1:19-CV-1346, 1 (GHW) (S.D.N.Y.). Judge Woods transferred the matter to the Eastern District because of the employment discrimination case already pending there. *See Pimental v. Delta Airlines, Inc.*, ECF 1:19-CV-1881, 1 (E.D.N.Y. Apr. 1, 2019). Eastern District Judge Ann M Donnelly dismissed all three cases because Plaintiff used "offensive, abusive, and insulting language," served subpoenas for depositions prematurely, and communicated directly with Delta employees, notwithstanding court orders that he not do so. (ECF 1:17-CV-5317, 194.) Plaintiff has appeals pending in the Second Circuit, *see* 19-2343, 19-2376, 19-2499 (2d Cir.), and the Second Circuit denied a

---

[1] "[A] court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation." *Liberty Mutual Insurance Company v. Rotches Pork Packers*, 969 F.2d 1384, 1388-89 (2d Cir. 1992); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

petition for a writ of mandamus that Plaintiff filed in connection with 17-CV-5317. *See* 19-552 (2d Cir. Aug.23, 2019).

Here, Plaintiff states that he is a citizen of California,[2] and he asserts claims of fraud, breach of contract, "breach of the covenant of good faith and fair dealing," defamation, legal malpractice, "failure to pay arbitration award," and "failure to return additional $5,000.00 stated in contract." Attached to the complaint is a document showing that in a dispute concerning legal fees, Plaintiff won an arbitration award of $6,000 against Defendant. (Doc. 2 at 11.) Plaintiff is asking this Court to "confirm" the arbitration award. Plaintiff also seeks $11,000 plus interest. *See* ECF No. 2 at 12 (Memorandum in Support of Motion to Confirm Arbitration Award).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[2] Plaintiff provides a Manhattan address in this complaint, and in his prior cases he claimed to be domiciled in New York. (ECF 1:19-CV-1346, 1 (S.D.N.Y.); No. 18-CV-2999, 1 at 4 (E.D.N.Y.)).

3

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff seeks to confirm the arbitration award. The Federal Arbitration Act "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (alterations and internal quotation marks omitted). Before a federal court may confirm, vacate, or modify an arbitration award under §§ 9, 10, or 11 of the FAA, the plaintiff must show that the court has either diversity jurisdiction or federal question jurisdiction. *See Vaden* at 65-66. Second Circuit courts "look-through" to the underlying arbitration claims to determine if a petition to confirm, vacate, or modify an arbitration award presents a federal question, *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016), or satisfies diversity jurisdiction.

Plaintiff's underlying arbitration claims are based on state law, and arise out of a fee dispute between him and his former attorneys. These facts do not suggest a cause of action falling under the Court's federal question jurisdiction.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Even if the Court assumes that there is diversity of citizenship, Plaintiff does not allege that his claim satisfies the statutory jurisdictional amount. For these reasons, the Court lacks diversity jurisdiction over Plaintiff's claims.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 13, 2019
        New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge